# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 4:04cr3-RH

CULLEN LORENZO ROLLINS, JR.,

      Defendant.

_____/

## ORDER DENYING A SENTENCE REDUCTION UNDER AMENDMENT 821

The defendant Cullen Lorenzo Rollins, Jr. is serving a 308-month sentence in the Bureau of Prisons. He has moved for a sentence reduction under United States Sentencing Guidelines Amendment 821, which retroactively amends guidelines for defendants who had zero criminal history points or were assessed two criminal history points—sometimes referred to as status points—for being under a prior sentence at the time of the offense of conviction. The amended guidelines are § 4C1.1(a) (zero criminal history points), § 4A1.1(e) (status points), and § 1B1.10(d) (retroactivity).

As properly determined at sentencing, Mr. Rollins had 29 criminal history points—16 more than necessary to place him in criminal history category VI. The total of 29 points included 2 status points. Under Amendment 821, he would be assessed only 1 status point, so he would have 28 points—still 15 more than necessary for category VI.

Guidelines Manual § 1B1.10(a)(2)(B) precludes a sentence reduction under a retroactive guideline amendment—this includes Amendment 821—if the amendment "does not have the effect of lowering the defendant's applicable guideline range." So Mr. Rollins is not eligible for a reduction.

In addition, earlier orders denied three motions for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), which allows a reduction for "extraordinary and compelling reasons." The analysis in the June 16, 2021 order remains applicable:

> Mr. Rollins has an extensive criminal history—29 criminal history points—including two offenses in which individuals were shot. Mr. Rollins served a long term in state prison but was undeterred; he committed the instant offenses not long after release. Under all the circumstances, it remains true today, as it was at the time of sentencing, that a sentence below 308 months would not be sufficient to meet the [18 U.S.C.] § 3553(a) sentencing purposes.

ECF No. 180 at 6–7. Even if Mr. Rollins was eligible for a sentence reduction under Amendment 821, this order would deny a reduction as a matter of discretion, based on the § 3553(a) sentencing purposes.

IT IS ORDERED:

1. The motion for a sentence reduction, ECF No. 207, is denied.

2. The clerk must provide copies of this order to Mr. Rollins himself by mail and to the attorneys of record and the Federal Public Defender through the electronic filing system.

SO ORDERED on March 6, 2024.

s/Robert L. Hinkle
United States District Judge